IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 07-30166 GPM |
| | ) | |
| BRIAN MICHAEL GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS 2-15
OF SUPERSEDING INDICTMENT DUE TO MULTIPLICITY**

COMES Now the United States of America, by and through its attorneys, A. Courtney Cox, United States Attorney for the Southern District of Illinois, and Michael C. Carr, Assistant United States Attorney for said District, and for its response to defendant's motion states as follows:

In his Motion to Dismiss (Doc. 29), the defendant seeks to have dismissed fourteen counts listed in the Superseding Indictment (Doc. 19) (hereinafter "Indictment"). The defendant argues counts 2 through 15 allege a single offense making them multiplicitous. Doc. 29, p. 1-2. The defendant submits multiple conversations between himself and the same minor should be combined into a single count under 18 U.S.C. § 2422(b). *Id.* Below, the Government explains why the Indictment is not multiplicitous. Furthermore, the Government shows that multiplicity is an issue for the Court to consider at the time of sentencing.

**I.   The Indictment is not Multiplicitous.**

"Multiplicity is the charging of a single offense in separate counts of an indictment." *United States v. Allender*, 62 F.3d 909, 912 (7th Cir. 1995) citing *United States v. Gonzalez*, 933 F.2d 417, 424

1

(7th Cir. 1991). The danger presented by multiplicitous charges is that the defendant will be punished more than once for a single crime, offending the Double Jeopardy Clause of the Constitution. *See United States v. Podell*, 869 F.3d 328, 330 (7th Cir. 1989). The defendant cites *United States v. Davenport*, 929 F.2d 1169 (7th Cir. 1991), in support of his multiplicity argument. In *Davenport*, the court found multiplicity where the Government had charged the defendants with 10 counts under 31 U.S.C. § 5354(3) alleging they violated the statute each time funds were deposited in the bank as part of a "structuring" scheme to avoid paying taxes. *Id.* The court found the individual deposits did not constitute separate violations because the "structuring" itself violated the law, not the act of the defendant depositing money in the bank. *Id.*

This case is not analogous to *Davenport*. Here, each enticement offered by the defendant during his conversations with the same minor over a six day period is an individual violation of 18 U.S.C. § 2422(b). Conversely in *Davenport*, the defendants' separate acts of depositing $10,000 in the bank did not violate the law until examined collectively as a "structuring" scheme. In this case, the defendant violated 18 U.S.C. § 2422(b) each time he discussed explicit sexual content with the minor during instant message[1] (IM) conversations between July 15th and July 21st of 2007. During these IM conversations, the defendant presented multiple sexual enticements between discussions of non-sexual topics. The counts 1 through 15 in the Indictment represent each separate time the defendant introduced sexual enticements into the conversation after discussing non-sexual material.

---

[1] "Instant messaging (IM'ing) is a form of written communication via the Internet, occurring in "chat rooms" where groups of people can communicate with each other at the same time. Chat rooms are organized by topics or themes, with various subcategories. IM'ing is similar to e-mail but with the benefit of nearly immediate back-and-forth between participants resembling a stilted conversation. Once contact is made in a chat room, those wanting to communicate one-on-one can proceed to private rooms." *United States v. Proctor*, 2007 WL 1724916, *1 (N.M.Ct.Crim.App.)

Appellate decisions from the Seventh Circuit, as well as other circuit courts, support the Government's contention that the defendant can be charged multiple times under the same statute. In *United States v. Mitchell*, 176 Fed.Appx. 676, 2006 WL 1004890 (C.A.7 (Ill.)), the defendant was charged numerous times under 18 U.S.C. § 472 for possession of counterfeit currency which he "stored" on himself and in his grandparents' basement. In *Mitchell*, the Seventh Circuit supported its holding that the charges were not multiplicitous by citing *United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002) (covering possession of firearms under 21 U.S.C. § 922(g)(1)), and *United States v. Griffin*, 765 F.2d 677, 681, 683 (7th Cir. 1985)(addressing multiple charges under 21 U.S.C. § 841(a)(1) for possession of cocaine where double jeopardy was not violated because cocaine was stored separately in defendant's pockets and car). Although this case is not about illegal possession of an item, it is analogous to *Mitchell*, *Conley*, and *Griffin*. Here, as in those cases, the defendant is properly charged with multiple violations of the same statute because the separate enticements to the minor, like the separate holding of counterfeit money or the separate storage of drugs, constitutes a separate violation of the statute.

The Tenth Circuit's analysis of multiplicity in *United State v. LeMon*, 622 F.2d 1022 (10th Cir. 1980) supports the Government's position. In *LeMon*, the Court determined that each counterfeit note produced by the defendant created a separate violation of 18 U.S.C. § 471. *Id*. The Court referenced *Ebeling v. Morgan*, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915), where the multiple sentences from one robbery where upheld because, during the robbery, several mail bags where opened in violation of the law. The Court in *Ebeling* held that the intent of the lawmakers in creating the statute was to protect individual mailbags from felonious tampering. *Id*. "The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately...if the latter, there can be but one penalty." *Blockberger v. United States*, 284 U.S. 299, 302, 52 S.Ct. 180, 181

3

(1932) quoting Wharton's Criminal Law, 11th ed., s 34, note 3. Under 18 U.S.C. § 2422(b), the act of enticing a minor to engage in sexual activity is an individual act that is prohibited. The statute does not require a course of action for punishment; therefore, each individual enticement is a violation and punishable separately.

In his Motion to Dismiss, the defendant also argues multiplicity exists because the same evidence will be used to support his conviction for all counts. Doc. 29, p. 4. In *U.S. v. Powell*, 894 F.2d 895 (7th Cir. 1990), the court, in examining narcotics conspiracy cases, notes that the "same evidence" test would rarely prevent prosecutions because the Government has the prosecutorial discretion to charge the overt acts of the offenses as it sees fit in the indictment. *Powell*, 894 F.2d at 898. In turn, the Court examined whether the alleged illegal combinations charged in the indictment were "separate and distinct offenses." *Id*.

In the case at bar, the Government charged counts 1 through 15 in the Indictment to account for each separate and distinct enticement the defendant presented the same minor throughout their IM conversations. The Government plans to use different parts of the IM transcripts to support each count. The Government submits that each count charged represents a clear, distinct enticement in violation of 18 U.S.C. 2422(b). Therefore, the Government respectfully requests the Court to deny defendant's Motion to Dismiss count 2 through 15.

**II.     Multiplicity is a Sentencing Issue.**

Even if the Court finds the Indictment multiplicitous, it should consider the issue of multiplicity at the time of sentencing. In *United States v. McCarter*, 406 F.3d 460, 463 (7th Cir. 2005), the defendant was charged under both the Hobbs Act and the bank-robbery statute. While the Seventh Circuit found the charges to be redundant in *McCarter*, it explained that the Double Jeopardy clause was not violated

4

because there was only one trial. *Id*. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment that the legislature intended." *Id*. citing *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Therefore, the Court should consider the possible multiplicity of the charges when it is handing down a sentence. In the age of Sentencing Guidelines, there should be no question as to whether a judge erroneously sentences a defendant more harshly because he or she thinks the defendant is guilty of additional crimes. *Davenport*, 929 F.2d at 1172. In this case, all the counts against the defendant are charged in one indictment and will be handled in one trial. Therefore, the issue of multiplicity should be examined by the sentencing court after the trial.

### III.  Conclusion

For these reasons, the Government asserts that counts 2 through 15 in the Indictment are not multiplicitous and requests that the Court deny the defendant's motion to dismiss such counts.

**Respectfully submitted,**

**THE UNITED STATES OF AMERICA**

**A. COURTNEY COX**
**United States Attorney**


*s/ Michael C. Carr*
**MICHAEL C. CARR**
**Assistant United States Attorney**
**402 West Main St.**
**Benton, IL 62812**
**Phone: (618) 439-3808**
**Fax: (618) 439-2401**
**mike.carr@usdoj.gov**

# CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2008, I electronically filed:

# GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS 2-15 OF SUPERSEDING INDICTMENT DUE TO MULTIPLICITY

with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:


Stephen C. Williams
Assistant Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, IL 62201

        Respectfully submitted,

        A. COURTNEY COX
        United States Attorney


        s/ *Michael C. Carr*
        MICHAEL C. CARR