IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )
                               )
vs.                            )        No.  07-30166-GPM
                               )
BRIAN MICHAEL GREEN,           )
                               )
        Defendant.             )

## REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS DUE TO MULTIPLICITY

COMES NOW Defendant, Brian Green, through counsel, Stephen C. Williams, Assistant Federal Public Defender for the Southern District of Illinois, and for his Reply to Government's Response to Defendant's Motion to Dismiss Counts 2 - 15 of the Superseding Indictment due to Multiplicity, states as follows:

The government first attempts to distinguish the primary case Mr. Green relies on, *United States v. Davenport,* 929 F.2d 1169 (7th Cir. 1991),  claiming that it is not analogous to the case at bar. *Davenport* involved defendants convicted of structuring multiple bank deposits of under $ 10,000 in order to avoid reporting requirements. *Id.*; 31 U.S.C. § 5324.  The government correctly states that the Seventh Circuit held in that case that it was the structuring itself violated the law, not the act of making deposits. *See* Govt. Resp. at 2; *Davenport,* 929 F.2d at 1171. The government further argues that the separate acts of depositing (less than) $10,000 in the bank did not violate the law until examined "collectively" as a structuring scheme. But this only supports Mr. Green's position.

Nothing in the *Davenport* opinion suggests that any single act of depositing less than $ 10,000 could not violate the statute. Certainly, a quick look at the statute reveals that a single deposit, as long

as it is made with the intention of violating reporting requirements, can constitute a structuring or attempted structuring. *See* 31 U.S.C § 5324. Similarly, in the context of enticement, a single conversation or exchange could constitute a violation of the statute. However, what was important in *Davenport,* and what makes it analogous to this case, is context. *Davenport* involved a scheme executed through a series of individual acts with a common goal. And in this case, the government has charged Mr. Green with participating in multiple exchanges (which really appear to be an ongoing conversation) with a minor directed at a single goal. That goal, according to the government, was sexual contact with a minor as alleged in Count 16.

The government's further attempts to analogize this case to cases involving the possession of counterfeit currency, cocaine and firearms should also fail. Govt. Resp. at 3. Each of those cases involved crimes where the prohibited acts were not necessarily directed at some future result. Here, as in *Davenport,* a scheme has been alleged with an intended future result. And again, like the situation in *Davenport,* the alleged use of the internet standing alone would not be a crime. It is the allegation of intent to solicit a minor that would make the acts criminal if proven.

This concept of an intended future crime is also analogous to the crime of conspiracy - which criminalizes an agreement to engage in future criminal conduct. Accordingly, the area of conspiracy is particularly helpful in analyzing the issue of multiplicity here. *See* Def. Mot. to Dis. at 4; *United States v. Powell,* 894 F.2d 895 (7th Cir. 1990). In analyzing this issue, the government misconstrues the "same evidence" test employed by the *Powell* court which, as Mr. Green quoted in his initial motion, goes beyond simply looking at the evidence alone. Def. Mot. Dis. at 4. The government correctly states that the Court determines whether the alleged conspiracies are "separate and distinct offenses." Govt. Resp. at But it totally ignores the court's reasoning and instead resorts to its own analysis of whether offenses are separate and distinct. Govt. Resp. at 4. However, it is how that

determination is made that is important:

> Courts therefore will look to both the [indictment] and the evidence and consider such factors as whether the conspiracies involved the same time period, alleged co-conspirators and places, overt acts, and whether the two conspiracies depend upon each other for success. Where several of these factors are present, the conclusion follows that the alleged illegal combinations are separate and distinct offenses. *Powell,* 894 F2d at 898 (quoting *United States v. Castro,* 629 F.2d 456, 461 (7th Cir. 1980)).

Here, the government's allegations will all involve evidence pertaining to the same time periods involving the same people and the same medium of communication. Moreover, it is clear from the face of the Indictment that each count will necessarily rely on evidence relating to all of the other counts in establishing the essential element of intent. Thus, when employing the "same evidence" test this Court should conclude that the charges here are multiplicitous.

Finally, Mr. Green must concede that controlling case law in this Circuit does hold that the Double Jeopardy issues implicated by multiplicitous indictments do not manifest until sentencing. Govt. Resp. at 5; *United States v. McCarter,* 406 F.3d 460, 463 (7th Cir. 2005); *see also Powell,* 894 F.2d at 902 (remedy for multiplicitous Indictment is resentencing rather than new trial). Nevertheless, nothing in these cases prevents a district Court from dismissing multiplicitous counts before trial when properly raised. To be sure, while possibly not rising to the level of Double Jeopardy, there is certainly an element of prejudice that inures to a defendant who must defend against fifteen counts charging him with the same thing. Such situations give the government multiple bites at the apple with the same jury and can encourage compromise verdicts that may not otherwise be appropriate. Consequently, Mr. Green requests that this Court consider this an appropriate time to rule on his Motion and dismiss Counts 2 - 15 due to multiplicity.

Respectfully submitted,


/s/ Stephen C. Williams
STEPHEN C. WILLIAMS
Assistant Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

ATTORNEY FOR DEFENDANT
BRIAN MICHAEL GREEN


## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has caused a true and correct copy of the foregoing to be served upon:

Mike Carr
Assistant United States Attorney
402 W. Main Street
Benton, Illinois 62812


via electronic filing with the Clerk of the Court using the CM/ECF system this 22nd day of February, 2008.


/s/ Stephen C. Williams
STEPHEN C. WILLIAMS