**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 07-30116-GPM |
| BRIAN MICHAEL GREEN, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Grand Jury indicted Brian Michael Green for traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a person under eighteen years of age in violation of 18 U.S.C. § 2423(b). Later, a 30-page, 16-count Superseding Indictment was returned with two sets of charges: Counts 1 through 15 charge Defendant with persuading, inducing, and enticing a minor to engage in sexual activity for which he could be charged with a criminal offense in violation of 18 U.S.C. § 2422(b) and Count 16 charges Defendant with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a person who was 15 years of age and is at least 19 years younger than Defendant in violation of 18 U.S.C. § 2423(b).

Defendant moves to dismiss Counts 2 through 15 of the Superseding Indictment on the basis of multiplicity, arguing that the Government has charged the same offense in multiple counts. Specifically, he contends that the 15 conversations used by the Government are really one ongoing

conversation that occurred over a six-day period.[1]

Notably, the parties, like the Court, are unable to cite any authoritative case that controls this issue. The cases dealing with multiplicity address possession of counterfeit currency, cocaine, and firearms. This case is not like the "structuring" scheme examined in *United States v. Davenport*, 929 F.2d 1169 (7th Cir. 1991). There, a structuring scheme was required by the statute. 929 F.2d at 1172 ("We conclude that the structuring itself, and not the individual deposit, is the unit of crime.").

Defendant's theory is an argument for the jury, and the Double Jeopardy Clause is not implicated at this time. *See United States v. Powell*, 894 F.2d 895, 902 (7th Cir. 1990) (where defendant was improperly charged with two conspiracies rather than one, the proper remedy for multiplicitous indictment was resentencing rather than new trial). Defendant's motion to dismiss Counts 2 through 15 of the Superseding Indictment due to multiplicity (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 03/14/08

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge

---

[1] As is common in these cases, the "conversation(s)" at issue occurred on the internet.