IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**

MAR 2 8 2008

G. PATRICK MURPHY
DISTRICT JUDGE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS, ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CRIMINAL NO. 07-CR-30116-GPM |
| | ) |
| BRIAN MICHAEL GREEN, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S AGREEMENT TO PLEAD GUILTY

Pursuant to Rule 11 of Federal Rules of Criminal Procedure, the attorney for the Government has been informed by the attorney for the Defendant that the defendant contemplates the entry of an open plea of guilty in this cause.

The terms of this Plea are as follows:

### I.

1.      Defendant acknowledges that he has been advised of and does fully understand the following:

    (a)    the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

    (b)    that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

    (c)    that if he pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, he waives the right to a trial; and

    (d)    that if he pleads guilty, the Court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement; and

(e)     that if he pleads guilty, he will waive his right to persist in his plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against him at trial.

(f)     that if he pleads, he is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), he will be forbidden by federal firearms laws from possessing any type of firearm in his lifetime, unless he obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2.     Defendant acknowledges that this Agreement to Plead Guilty and Stipulation of Facts constitutes the entire agreement and that no promises, inducements or representations, other than those specifically set forth in this Agreement to Plead Guilty and Stipulation of Facts, were made to induce him to enter into this Agreement to Plead Guilty.

3.     It is further understood that this agreement is limited to the Southern District of Illinois, and nothing herein is intended to bind other federal, state or local prosecuting authorities. It is further understood that this Agreement to Plead Guilty does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving the Defendant.

4.     Defendant understands that this offense is subject to Title 28, United States Code, Section 994(a). Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

5.     Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant understands that he will be ordered to pay the full amount of the special assessment prior to or at the time of sentencing.

2

6.     Defendant understands that the Court must impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7.     Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision and that the Government will recommend the imposition of a fine. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts dated May 24, 2006, are, for imprisonment: $1,952.66 per month; for community confinement: $1,736.98 per month; and for supervision: $287.50 per month. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney, a Financial Statement (OMB-500).

8.     The Defendant understands that if he is not currently detained that the Government will move for detention upon acceptance of the plea by the Court and if released the Defendant understands that if he commits any offense in violation of federal, state, or local law while on release in this case or violates any other conditions of release, the Government may request revocation of the Defendant's bond and forfeiture of any bail and may file additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw his plea.

9.     The Defendant understands that the Government may move for an order pursuant to 18 U.S.C. § 6003 requiring the Defendant to give testimony or provide other information and that if such order is granted and the Defendant refuses to give such testimony or other information he may be subject to punishment for contempt.

3

10.     The Defendant states that he has read this agreement and has discussed it with his attorney, and understands it.

## II.

1.     The Defendant states that he is actually guilty of and will enter a plea of guilty to Count 3 of the Superseding Indictment which charges him with Attempting to Persuade, Induce, or Entice a Minor to Engage in Sexual Activity in violation of Title 18, United States Code, Section 2422(b).     The maximum statutory penalties that can be imposed are a term of imprisonment of between 10 years and life, a fine of $250,000, or both, and a term of supervised release of 5 years.

The Government agrees that it will dismiss Counts 1-2 and 4-16 of the Superseding Indictment at time of sentencing.

2.     The Government and the Defendant agree that the following constitutes the essential elements of the offense of Attempting to Persuade, Induce, or Entice a Minor to Engage in Sexual Activity as charged in Count 3 of the Superseding Indictment:

| First: | the defendant knowingly used a facility or means of interstate commerce, namely the Internet, to attempt to persuade, induce, or entice an individual under the age of eighteen (18) years of age to engage in sexual activity; |
|---|---|
| Second: | the defendant believed that such individual was less than eighteen (18) years of age; and |
| Third: | that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under Illinois state law, namely Aggravated Criminal Sexual Abuse. |

The Defendant agrees and admits that his conduct violated these essential elements of the offense charged in this count.

4

3.     The parties submit to the Court that under the Sentencing Guidelines, after all facts have been considered, **Defendant will have an Offense Level of 30 and a Criminal History of I, whereby the sentencing range is 97-121 months.** The parties further agree, however, that **a statutory minimum mandatory sentence of 120 months is applicable and, thus, the effective sentencing range under the Guidelines is 120-121 months.** The parties further submit to the Court that **the Defendant's fine range will be $12,500 to $125,000 according to U.S.S.G. § 5E1.2.** The Government and the Defendant agree that the offense level and the criminal history category calculations submitted by the parties herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicable sentencing range and acknowledge that it is the Court which is ultimately responsible for determining the applicable Guideline range and determining the sentence which will be imposed.     **The Government agrees to recommend sentencing at the low end of the anticipated range, as modified by the applicable statutory minimum sentence.** The Government specifically reserves the right to argue for, present testimony or otherwise support the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the submitted calculations set forth herein by the Defendant and the Government).  The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

4.     Defendant and the Government agree that U.S.S.G. §2G1.3 applies and that pursuant to subsection (a)(3), **defendant shall have a base offense level of 28.**

5.     Defendant and the Government agree that defendant's offense level should be **increased by 2 Levels pursuant to § 3A1.1(b)(1)** (vulnerable victim).

6.     Defendant and the Government agree that the Defendant's role in the offense should be **increased 2 Levels pursuant to § 3B1.3 for abuse of a position of trust, creating a total adjusted offense level of 32.**[1]

7.     Defendant and the Government anticipate that there will be no finding that Defendant has obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, the Defendant's base offense level will not be increased.

8.     Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct. Therefore, **the Government will recommend a reduction of two levels, reducing the Offense Level to 30 (from Offense Level 32, as computed in paragraphs 4, 5, and 6).**

9.     Defendant and the Government submit to the Court that it appears that **the Defendant has amassed zero (0) countable Criminal History points and that, therefore, his Criminal History Category shall be a Level I.**

These calculations are based upon available information contained in the Criminal History section of the Pretrial Services Report and/or NCIC. Defendant recognizes that he is in the best position to know if that information is correct and complete and that if it is not, the sentencing calculations reflected in this Plea Agreement may be substantially impacted. Defendant further expressly recognizes that the final calculation will be determined by the Court after considering the

---

[1]The Government maintains that if it were to be determined that § 3B1.3 did not apply, then alternatively defendant's offense level should be increased 2 Levels pursuant to § 2G1.3(b)(1)(B).

<u>Presentence Report, the views of the parties and any evidence submitted prior to sentencing and that,</u> <u>regardless of the criminal history found by the Court, he will not be able to withdraw his plea</u>.

10.     The Defendant understands that the Government will recommend the imposition of a fine.  The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

11.     Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report in this matter.  Said cooperation will include signing all releases, as requested.

### III.

1.     The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial.  The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.

2.     The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence.  Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court, the Defendant reserves the right to appeal the reasonableness of the sentence.  The Defendant acknowledges that in the event such an appeal is

taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

3.      Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

4.      Defendant's waiver of his appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5.      Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6.     Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**IV.**

1.     A.     The Defendant acknowledges that the Government has provided complete discovery compliance in this case. Defendant states that he has reviewed said discovery compliance with his attorney. Defendant states that he has been advised that there may be items of physical evidence in this case which may have biological evidence, such as semen, blood, saliva, hair, skin tissue, or other identifiable biological material, that could be subjected to DNA testing either now or in the future. Defendant understands that the Government does not intend to conduct DNA testing of any of the items of physical evidence. Defendant states that he has discussed with his attorney his rights regarding DNA testing on the physical items seized as evidence in this case and is satisfied that there is no need for any DNA testing of any evidence in this case.

B.     The Defendant states that he specifically understands that he could request DNA testing of evidence in this case before he pleads guilty pursuant to this Plea Agreement. He further understands that, if the Court enters a judgment of conviction for the offense(s) to which he pleads guilty pursuant to this Plea Agreement, he could request DNA testing of evidence in this case after conviction under the conditions specified in 18 U.S.C. § 3600.

C.     The Defendant states that knowing and understanding his right to request DNA testing, he knowingly and voluntarily waives and gives up that right. He understands that this waiver applies to DNA testing of all items seized as evidence in this case that could be subjected to DNA testing. He further understands that he is waiving the right to request DNA testing of evidence in this

case in the current proceeding, in any proceeding following conviction under 18 U.S.C. § 3600, and in any other type of proceeding in which DNA testing may be requested. He fully understands that, as a result of his waiver of the right of DNA testing, that he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is actually innocent of the offense(s) to which he pleads guilty pursuant to this Plea Agreement.

D.     The Defendant states that he has fully discussed the significance of DNA testing both before and after his conviction and its possible uses with his attorney. The Defendant states he is satisfied with his attorney's explanation concerning DNA testing and the advice his attorney has provided to him concerning the consequences of waiving the right to request DNA testing.

E.     The Defendant states that he has been advised of his rights under 18 U.S.C. §§ 3600 and 3600A. Defendant states that he waives those rights and consents to the destruction of all items of physical evidence seized in this case.

A. COURTNEY COX
United States Attorney


BRIAN MICHAEL GREEN
Defendant

Stephen Williams
Attorney for Defendant

Date: 3/28/08


Michael C. Carr
Assistant United States Attorney


Date: 3/28/08

10